UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| GROSS BELSKY ALONSO LLP,<br><br>Plaintiff,<br><br>vs.<br><br>HENRY EDELSON and ROBERT DeBENEDICTIS,<br><br>Defendants. | Case No: C 08-4666 SBA<br><br>**ORDER (1) DENYING DEFENDANT DeBENEDICTIS' MOTION TO DISQUALIFY PLAINTIFF'S COUNSEL; (2) DENYING DEFENDANTS' MOTIONS TO DISMISS PLAINTIFF'S AMENDED COMPLAINT AND ALTERNATIVE MOTION TO TRANSFER VENUE; AND (3) GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**<br><br>[Docket 32, 33, 46, 52] |

The instant diversity jurisdiction action arises from a fee dispute between Plaintiff, the law firm of Gross Belsky Alonso LLP ("Plaintiff"), and two of its former clients, Defendants Henry Edelson ("Edelson") and Robert DeBenedictis ("DeBenedictis"). The parties are presently before the Court on the following motions: (1) DeBenedictis' Motion to Disqualify Plaintiff's Counsel [Docket 52]; (2) DeBenedictis and Edelson's individual Motions to Dismiss Plaintiff's Amended Complaint FRCP 12(b)(6), FRCP 12(b)(7) or in the Alternative to Transfer the Action to the Southern District of New York [Docket 32, 33]; and (3) Plaintiff's Motion for Leave to File a Second Amended Complaint [Docket 46].

Having read and considered the papers filed in connection with this matter, and being fully informed, the Court hereby DENIES the motion for disqualification, DENIES the motions to dismiss or alternatively to transfer, and GRANTS the motion for leave to amend. The Court, in its discretion, finds this matter suitable for resolution without oral argument. Fed.R.Civ.P. 78(b).

## I. BACKGROUND

Edelson and DeBenedictis were principals in a company known as Global Vision Products, Inc. ("Global Vision"), which is now in bankruptcy. Defendants and Global Vision, along with various others, were named as defendants in a class action lawsuit filed in Alameda County Superior Court. See Thomas v. Global Vision Prods., Inc., Alameda County Superior Court, Case No. RG03091195 ("Class Action"). (Gross Decl. ¶ 2, Docket 66.) On a date not specified in the pleadings, Edelson and DeBenedictis retained Plaintiff to represent them in the Class Action, and agreed to pay Plaintiff for its services. (Id. ¶ 3.) Plaintiff did not represent Global Vision, but was informed that the company would pay Defendants' legal fees pursuant to an indemnification agreement. (Id. ¶¶ 4-5.) However, Plaintiff never received payment for its services, and as a result, Plaintiff terminated its representation. (Id. ¶ 7-8.) On August 17, 2007, Global Vision filed for bankruptcy in the Southern District of New York. (Id. ¶ 9.)

On August 11, 2008, Plaintiff, acting as its own counsel, filed a civil complaint (utilizing a California Judicial Council form pleading) in Alameda County Superior Court, seeking recovery of its unpaid legal fees in the amount of $174,583.38 from Edelson and DeBenedictis. On August 19, 2008, Plaintiff filed an amended complaint, again using a Judicial Council form. The amended complaint alleged three causes of action for: (1) breach of contract; (2) a common count for open book account; and (3) quantum meruit. Pursuant to 28 U.S.C. §§ 1441 and 1332, Defendants subsequently removed the action to this Court on October 8, 2008, on the basis of diversity jurisdiction. As noted above, various motions are now pending, which the Court discusses seriatim.

## II. MOTION TO DISQUALIFY PLAINTIFF'S COUNSEL

DeBenedictis moves to disqualify Plaintiff from representing itself in this action on the grounds that Plaintiff's self-representation is adverse to him, and that Plaintiff has violated its duties of loyalty and confidentiality.

### A. NO SUBSTANTIAL RELATIONSHIP

The right to disqualify counsel is within the discretion of the trial court as an exercise of its inherent powers. See People ex rel. Dept. of Corps. v. SpeeDee Oil Change, 20 Cal. 4th 1135,

1143-44 (1999) ("SpeeDee"); Visa U.S.A., Inc. v. First Data Corp., 241 F. Supp. 2d 1100, 1103 (N.D. Cal. 2003).[1] Because a motion to disqualify is often tactically motivated and can be disruptive to the litigation process, disqualification is considered to be a drastic measure that is generally disfavored and imposed only when absolutely necessary. Concat LP v. Unilever, PLC, 350 F. Supp. 2d 796, 814-15 (N.D. Cal. 2004). In addition, requests for disqualification "should be subjected to particularly strict judicial scrutiny." Optyl Eyewear Fashion Int'l Corp. v. Style Cos., 760 F.2d 1045, 1050 (9th Cir. 1985) (internal quotations omitted). The party seeking disqualification bears a "heavy burden." City and County of San Francisco v. Cobra Solutions, Inc., 38 Cal.4th 839, 851 (2006) ("Cobra Solutions").

"Where the potential conflict is one that arises from the *successive representation* of clients with potentially adverse interests, the courts have recognized that the chief fiduciary value jeopardized is that of client confidentiality. Thus, where a former client seeks to have a previous attorney disqualified from serving as counsel to a successive client in litigation adverse to the interests of the first client, the governing test requires that the client demonstrate a '*substantial relationship*' between the subjects of the antecedent and current representations." Flatt v. Super. Ct., 9 Cal. 4th 275, 283 (1994) (emphasis added); In re County of Los Angeles, 223 F.3d at 996. The "substantial relationship" test focuses on the "similarities between the two factual situations, the legal questions posed, and the nature and extent of the attorney's involvement with the cases." H.F. Ahmanson & Co., 229 Cal. App. 3d 1445, 1455 (1991). The mere fact that the two representations involve the same general subject is insufficient. See Santa Teresa Citizen Action Group v. City of San Jose, 114 Cal. App. 4th 689, 711 (2003).

DeBenedictis first contends that disqualification is warranted solely because he and Plaintiff are adverse. (Mot. at 6.) It is axiomatic that adversity is inherent in a case, such as the present, where a law firm represents itself in a fee collection action brought against a former client. However, adversity alone is insufficient to justify disqualification. DeBenedictis must demonstrate not only that their interests are adverse, but also that the prior representation is *substantially related*

---

[1] Motions to disqualify counsel are decided under state law. In re County of Los Angeles, 223 F.3d 990, 995 (9th Cir. 2000).

to the Plaintiff's current self-representation.  See Fremont Indem. Co. v. Fremont General Corp., 143 Cal. App. 4th 50, 69 (2006) (reversing order disqualifying counsel where no substantial relationship demonstrated).  However, DeBenedictis does not argue, let alone discuss, whether the representations are substantially related.  On that ground alone, his argument fails.  See In re Charlisse C., 45 Cal.4th 145, 166 n.11 (2008) ("It remains the former client's burden to show the fact of the former representation and the existence of a substantial relationship between the former and current representations"); see also Hyon-Su v. Maeda Pacific Corp., 905 F.2d 302, 304, n.1 (9th Cir. 1990) (argument waived if not presented in opening papers).

Though addressed by neither party, the Court notes that the few authorities that have addressed this particular issue have concluded a law firm's action to collect unpaid legal fees is *not* substantially related to the prior representation in which those fees were incurred.  See Lankler Siffert & Wohl, LLP v. Rossi, 287 F. Supp. 2d 398, 404 (S.D.N.Y. 2003) ("When an attorney sues a former client to collect unpaid attorney's fees, courts have not found a substantial relationship between the previous matter and the fee collection litigation."); Exact Software N.A., Inc. v. Infocon, Inc., 2008 WL 552625 at *2 (N.D. Ohio 2008) (same).  Were it otherwise, a law firm could never represent itself in a fee dispute with a former client.  C.f., Trope v. Katz, 11 Cal. 4th 274, 280-81 (1995) (holding that a law firm that chooses to represent itself in propria persona in a fee dispute with a former client cannot recover attorney's fees incurred in prosecuting the action).

### B. ETHICAL DUTIES

DeBenedictis next contends that disqualification is necessary based on Plaintiff's alleged violations of its duties of loyalty and confidentiality.  (Mot. at 7-11.)  Both of these duties emanate from the attorney-client relationship.  Cobra Solutions, 38 Cal.4th at 846; Cal. Bus.& Prof.Code, § 6068(e) (duty to maintain client's confidences); Cal.Rules Prof. Conduct, rule 3-310(C) & (E) (requiring consent to disclose confidential information).  The applicability of these duties depends on whether the representation is concurrent or successive.  This case involves a successive representation.

### 1. Duty of Loyalty

The duty of loyalty precludes an attorney from *concurrently* representing parties with adverse interests. See Flatt, 9 Cal. 4th at 284 ("[t]he primary value at stake in cases of simultaneous or dual representation is the attorney's duty – and the client's legitimate expectation – of loyalty, rather than confidentiality."). Once the representation ceases, however, the duty of loyalty becomes inapposite. See SpeeDee Oil Change, 20 Cal. 4th at 1147 (danger of violating duty of loyalty ends once the representation is terminated); see also Vapneck, Tuft, Peck & Weiner, Cal. Prac. Guide: Professional Responsibility, ¶ 5:1015-16 (TRG 2008) ("The attorney's duty of loyalty to the client prohibits suing a client whom the attorney still represents. Thus, if a fee dispute arises, the attorney must withdraw from representing the client[.]"). Given that DeBenedictis is a *former* client, he cannot predicate his motion for disqualification on an alleged breach of the duty of loyalty.

### 2. Duty of Confidentiality

Unlike the duty of loyalty, the duty of confidentiality survives the termination of the attorney-client relationship. Cobra Solutions, 38 Cal.4th at 846; Flatt v. Superior Court, 9 Cal. 4th 275, 282-284 (1994). However, where the dispute involves the former client's breach of its obligation to pay fees, confidentiality is no longer an issue. This rule is codified in California Evidence Code section 958, which provides "[t]here is no privilege under this article as to a communication relevant to an *issue of breach*, by the lawyer *or by the client*, of a duty arising out of the lawyer-client relationship." Cal.Evid.Code § 958 (emphasis added). Under this provision, an attorney "can reveal confidences … in a fee dispute[.]" Styles v. Mumbert, 164 Cal. App. 4th 1163, 1167 (2008); In re Dimas, LLC, 357 B.R. 563, 588 (Bkrtcy. N.D. Cal. 2006) ("The general rule is that counsel may reveal confidences *where it is necessary to get paid* or to defend charges of improper conduct.") (emphasis added). The rationale for this rule is simple: "It would be unjust to permit a client either to accuse his attorney of a breach of duty and to invoke the privilege to prevent the attorney from bringing forth evidence in defense of the charge or to *refuse to pay his attorney's fee* and invoke the privilege to defeat the attorney's claim." Cal.Evid.Code § 958, Law Revision Commission Comments, 1967 amendments (emphasis added).

DeBenedictis responds that Evidence Code section 958 does not apply to this case because Plaintiff is attempting to use "confidential" information to prosecute its claims. In support of his argument, DeBenedictis relies on In re Rindlisbacher, 225 B.R. 180, 183 (9th Cir. BAP 1998) ("Rindlisbacher"), which he contends stands for the proposition that section 958 is inapplicable where the attorney seeks to use confidential information "as a sword." (Mot. at 13-14.) Rindlisbacher involved an appeal from a bankruptcy court order granting summary judgment in favor of the debtor in an adversary complaint filed an attorney who represented the debtor in a separate dissolution action. The attorney had sought to prevent the debtor from claiming a discharge of attorney's fees owed by the debtor.

The Bankruptcy Appellate Panel upheld the summary judgment ruling on the ground that the attorney was relying on confidential information obtained during the prior representation as the basis for his adversary complaint. Id. While recognizing that otherwise privileged information may be disclosed in a fee collection action, the Panel noted that the exception created by section 958 applies only if the dispute arises from a breach of the client's duty to pay fees. Id. That situation was not presented, however, because the attorney's discharge claim arose entirely from a right created under the Bankruptcy Code. Id. The Panel explained that since the "the validity of the attorney's fee or the attorney's actions" were not pertinent in evaluating a discharge under bankruptcy law, "the exception to the confidences rule for disclosure of communications necessary to allow the attorney to collect a fee does not apply." Id.

Rindlisbacher has no application here. The court's holding was based specifically on the fact that the attorney's discharge claim was based on bankruptcy law, as opposed to a duty to pay fees. In contrast, Plaintiff's claims in this case are predicated directly on Defendants' breach of their duty to pay Plaintiff for its services – the precise scenario within the ambit of Evidence Code section 958. Moreover, unlike Rindlisbacher, the information at issue is neither confidential nor was it obtained during the course of the prior representation. Rather, DeBenedictis complains that Plaintiff is attempting to use information disclosed during a Rule 26(f) conference conducted *in this action* as the foundation for seeking to amend its pleadings. (Mot. at 9.) DeBenedictis cites no authority for the notion that a meet and confer conference between counsel or the parties is

"confidential." And even if there were, the information that DeBenedictis asserts is confidential (i.e., that Defendants now claim there was no actual fee agreement) is the same information set forth in the parties' Case Management Conference Statement. (See Case Mgt. Stmt. at 3, Docket 45.)

### C. OTHER ARGUMENTS

DeBenedictis' remaining arguments also fail. In his reply, DeBenedictis argues that an entity that must appear through counsel. (Reply at 2.) The Court does not consider arguments raised for the first time in a reply. See Eberle v. City of Anaheim, 901 F.2d 814, 818 (9th Cir. 1990). In any event, DeBenedictis fails to cite any authority for the proposition that a law firm cannot represent itself in a dispute over unpaid fees. As noted, California law tacitly recognizes that a law firm may do so. C.f., Trope, 11 Cal. 4th at 280-81 (assuming without deciding that a law firm can represent itself in a collection dispute).

DeBenedictis also argues that disqualification is required based on Plaintiff's alleged violation of California Business & Professions Code section 6148. (Mot. at 11-12.) That section requires a written agreement for engagements anticipated to result in fees exceeding $1,000. Cal. Bus.& Prof.Code § 6148(a). Subdivision (c) provides that the "[f]ailure to comply with any provision of this section renders the agreement voidable at the option of the client, and the attorney shall, upon the agreement being voided, be entitled to collect a reasonable fee." Cal. Bus.& Prof.Code § 6148(c). DeBenedictis fails to cite, nor is the Court aware of any, authority holding that a violation of section 6148 constitutes grounds for disqualification.

In sum, the Court finds that DeBenedictis has failed to meet its "heavy burden" of demonstrating that Plaintiff should be disqualified from representing itself in this action. The Court therefore DENIES his motion to disqualify Plaintiff's counsel.

## III. DEFENDANTS' MOTIONS TO DISMISS

### A. FAILURE TO JOIN INDISPENSIBLE PARTY UNDER RULE 12(b)(7) AND RULE 19

A defendant may bring a motion to dismiss under Rule 12(b)(7) for failure to join a indispensible party under Rule 19. To find that an absent party is "indispensable," the Court must first deem the party "*necessary*" under Rule 19(a)(1). Schnabel v. Lui, 302 F.3d 1023, 1029 (9th

Cir. 2002). "In determining whether a party is 'necessary' under Rule 19(a), the court must consider whether 'complete relief' can be accorded among the existing parties, and whether the absent party has a 'legally protected interest' in the subject of the suit." Id. (quoting Rule 19(a)). The inquiry is fact specific, and the moving party "has the burden of persuasion in arguing for dismissal." Id. For purposes of resolving a Rule 12(b)(7) motion, the court accepts the allegations in the complaint as true. See Davis Cos. v. Emerald Casino, Inc., 268 F.3d 477, 479 n.2 (7th Cir. 2001).

Edelson and DeBenedictis contend that Global Vision is a necessary party on the grounds that it solely is responsible for the payment of fees at issue in this case.[2] To support that contention, Defendants request the Court to take judicial notice of the Proof of Claim filed by Plaintiff in Global Vision's bankruptcy proceedings, which they contend constitutes an acknowledgement by Plaintiff "that it had [a] contractual relationship with Global Visions Products, Inc, *not* [Edelson or DeBenedictis]." (DeBenedictis Opp'n at 3-4; Edelson Opp'n at 5.)

As an initial matter, Defendants cannot at the pleading stage rely on the Proof of Claim to establish the existence of a contractual relationship between Plaintiff and Global Vision. While the Court may take judicial notice that a Proof of Claim in a bankruptcy proceeding *was filed*, it is impermissible to infer from that document that Defendants have no legal obligation to pay for their legal fees. See M/V American Queen v. San Diego Marine Constr. Corp., 708 F.2d 1483, 1491 (9th Cir. 1983) (a court may take judicial notice of court records, but it may not take judicial notice of the truth of the contents of all documents found therein); Lovelace v. Software Spectrum, Inc., 78 F.3d 1015, 1018 (5th Cir. 1996) (taking judicial notice of an SEC filing "only for the purpose of determining what statements the documents contain, not to prove the truth of the documents' contents"). In addition, the mere fact that Plaintiff filed a claim against Global Vision does not *ipso facto* establish that Global Vision is *solely* responsible for the payment of Defendants' fees.

Perhaps more fundamentally, whether or not Plaintiff had a contractual relationship with Global Vision is separate and distinct from whether Global Vision is a necessary party to this

---

[2] Global Vision cannot be joined as a result of its bankruptcy filing in the Southern District of New York.

- 8 -

action.  The amended complaint alleges that "Plaintiff agreed to provide legal services *to Edelson and DeBenedictis* and defendants agreed to pay plaintiff for those legal services at plaintiff's regular hourly rates.  Defendants, who were affiliated with Global Vision Products, Inc., instructed plaintiff to address invoices for legal services on behalf of defendants to Global Vision Products, Inc." (Compl. ¶¶ BC-1, BC-2 (emphasis added).)  These allegations, which the Court must accept as true, demonstrate for purposes of this motion that the legal services were provided and the corresponding obligation to pay for those services belonged to Defendants, not Global Vision.  That Global Vision may also have a separate obligation to pay does not support the conclusion that Global Vision must necessarily be joined in this action in order to provide Plaintiff complete relief or that Global Vision has a legal protectable interest that must be litigated in this action.[3]  The Court finds no merit to Defendants' contention that dismissal of the action is warranted under Rule 12(b)(7) for failure to join Global Vision, and thus, DENIES said motions.

### B. FAILURE TO STATE A CLAIM UNDER RULE 12(B)(6)

#### 1. Standard of Review

Both Defendants next argue that Plaintiff's amended complaint should be dismissed for failure to state a claim.[4]  Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted.  To survive a motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "Specific facts are not necessary; the statement need only give the defendant[s] fair notice of what ... the claim is and the grounds upon which it rests."  Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007) (internal quotation marks omitted); Ashcroft v. Iqbal, --- S.Ct. ---, 2009 WL 1361536 (May 18, 2009); Johnson v. Riverside Healthcare Sys. LP, 534 F.3d 1116, 1122 (9th Cir. 2008).  "In general, the inquiry is limited to the allegations in the complaint, which are accepted as true and construed

---

[3] In his reply, DeBenedictis argues that Plaintiff violated California Rule of Professional Conduct 3-310(F) by accepting payment from a third party without written consent from the client. (DeBenedictis Reply at 2.)  Whether that is correct does not bear upon the salient issue of whether Global Vision is a necessary and indispensible party.

[4] Edeleson's motion to dismiss addresses Plaintiff's first cause of action only.

1  in the light most favorable to the plaintiff." Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 588 (9th
2  Cir. 2008).

### 2. First Cause of Action for Breach of Contract

Defendants move to dismiss Plaintiff's first cause of action for breach of contract. Plaintiff has agreed to dismiss this claim. Accordingly, the Court GRANTS Defendants' motion to dismiss Plaintiff's first cause action for breach of contract.

### 3. Second Cause of Action for Open Book Account

Plaintiff's second cause of action is for open book account. "An open book account is a detailed statement that constitutes the principal record of the transactions between the creditor and debtor arising out of a contract or fiduciary relationship. The statement details the debits and credits in connection with the debtor/creditor relationship." Cusano v. Klein, 264 F.3d 936, 942 n.2 (9th Cir. 2001) (citing Cal.Code Civ.P. § 337a). "A common count is proper whenever the plaintiff claims a sum of money due, either as an indebtedness in a sum certain, or for the reasonable value of services, goods, etc., furnished." Kawasho Int'l, U.S.A. Inc. v. Lakewood Pipe Serv., Inc., 152 Cal. App. 3d 785, 793 (1983) (internal quotations and citation omitted). Plaintiff's claim for open book account is alleged on a Judicial Council form which contains the requisite elements for a claim for open book account. See Bank of the West v. RMA Lumber Inc., 2008 WL 2474650 at *4 (N.D. Cal. 2008) (common count under California law may be pleaded through use of Judicial Council form).

DeBenedictis argues that an open book account claim cannot be stated against him because the invoices were sent *to Global Vision*. (Mot. at 11.) He again claims that this "fact is established" by the Proof of Claim filed by Plaintiff in the Global Vision bankruptcy. (Id. at 8 (citing DeBenedictis Request for Judicial Notice, Ex. 3.) As discussed with regard to Defendants' Rule 12(b)(7) motions, given the procedural posture of this case, the Court only may take judicial notice that Plaintiff filed a Proof of Claim in the Global Vision bankruptcy proceeding, as opposed to accepting as true the facts allegedly contained in that document. But even if the Court were to consider the invoices as evidence, DeBenedictis cites no authority to support the conclusion that the mere fact that the invoices were addressed to a third party, standing alone, excuses his

obligation to pay Plaintiff for its services. The Court therefore DENIES DeBenedictis' motion to dismiss Plaintiff's second cause of action for open book account.

### 4. Third Cause of Action for Quantum Meruit

Plaintiff's third cause of action is for quantum meruit, which allows attorneys to recover the reasonable value of their legal services from their clients when their contractual fee arrangements are found to be invalid or unenforceable. Huskinson & Brown v. Wolf, 32 Cal. 4th 453, 458 (2004). A claim for quantum meruit is subject to a two-year limitations period. See Cal.Code Civ. Proc. § 339; Iverson, Yoakum, Papiano & Hatch v. Berwald, 76 Cal. App. 4th 990, 996 (1999). A statute of limitations defense may be raised by a motion to dismiss if the running of the limitations period is apparent on the face of the complaint. Jablon v. Dean Witter & Co., 614 F.2d 677, 682 (9th Cir. 1980).

DeBenedictis contends that the invoices attached to the Proof of Claim filed in the bankruptcy action show that services were provided to him more than two years ago. As such, he argues that Plaintiff's claim for quantum meruit is time-barred insofar as it seeks recovery for fees for service incurred *prior to* August 11, 2006. (Mot. at 9.) As before, DeBenedictis may not rely on facts inferred from a document submitted by way of a request for judicial notice. That aside, DeBenedictis provides no legal authority or analysis establishing *when* Plaintiff's claim for quantum meruit *accrued* for purposes of triggering the statute of limitations. The date a claim accrued must be determined in order to adjudicate a statute of limitations defense. See Fox v. Ethicon Endo Surgery, Inc., 35 Cal. App. 4th 797, 806-807 (2005) (limitations period commences when claim accrues); see also Jolly v. Eli Lilly & Co., 44 Cal. 3d 1103, 1112 (1988) (resolution of a statute of limitations defense normally is a factual question for the trier of fact). Nor does he demonstrate that the date of accrual can be gleaned from the face of the amended complaint. See Jablon, 614 F.2d at 682. Thus, the Court DENIES DeBenedictis' motion to dismiss Plaintiff's quantum meruit claim.

### C. MOTION TO TRANSFER VENUE UNDER 28 U.S.C. § 1406

As an alternative to their motions to dismiss, Edelson and DeBenedictis both move to transfer the action to the Southern District of New York (where the Global Vision bankruptcy is

- 11 -

1  pending) pursuant to 28 U.S.C. § 1406(a) on the ground that venue is not proper in this District.[5]

2  This motion is meritless. As Defendants now concede, the law is clear that the removal of an

3  action under section 1441(a) forecloses the removing party from subsequently claiming that venue

4  is improper. See Hollis v. Florida State Univ., 259 F.3d 1295, 1300 (11th Cir. 2001) ("as a matter

5  of law, § 1441(a) establishes federal venue in the district where the state action was pending, and it

6  is immaterial that venue was improper under state law when the action was originally filed.");

7  Robles v. USA Truck, Inc., 2009 WL 677835 at *3 (S.D. Tex. 2009) ("[t]his Court finds that the

8  fact that § 1441(a) establishes venue as a matter of law here precludes Defendant's instant Motion

9  to Dismiss or Transfer Venue pursuant to § 1406(a) based on improper venue."). The Court finds

10 no merit to Defendants' arguments regarding venue, and therefore, DENIES their alternative

11 request to transfer venue to the Southern District of New York.

**IV.   MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

   **A.   STANDARD OF REVIEW**

The Federal Rules of Civil Procedure provide that leave to amend a complaint should be "freely given when justice so requires." Fed. R. Civ. P. 15(a). The decision to grant or deny a request for leave to amend rests in the discretion of the trial court. See California v. Neville Chem. Co., 358 F.3d 661, 673 (9th Cir. 2004). In exercising its discretion, however, this Circuit requires that district courts grant leave to amend with "extreme liberality." Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990); AmerisourceBergen Corp. v. Dialysist West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) ("Rule 15(a) is very liberal"). The Ninth Circuit has held that discovery of new facts after a complaint was filed may warrant granting leave to amend. See Wittmayer v. United States, 118 F.2d 808, 809 (9th Cir. 1941).

The party opposing a motion for leave to amend bears the burden to convincingly demonstrate that a "substantial reason exists to deny leave to amend." Shipner v. Eastern Air Lines, 868 F.2d 401, 407 (11th Cir. 1989); DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 187

---

[5] Section 1406(a) provides that: "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

(9th Cir. 1987) (the party opposing amendment carries the burden of showing why leave to amend should not be granted). In assessing whether to grant leave to amend, the Court should consider factors such as "the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment." Moore v. Kayport Package Express, 885 F.2d 531, 538 (9th Cir. 1989) (emphasis added).

### B. PROPOSED FRAUD CLAIM

Plaintiff seeks to file a Second Amended Complaint to add a fraud cause of action based on information recently disclosed during a Rule 26 meet and confer session, i.e., that Defendants allegedly never intended to honor their prior representation that they would be responsible for payment of their legal services. (Mot. at 3; Belsky Decl. Ex. A (Proposed Sec. Am. Compl. ¶ 31-38).) To establish a cause of action for fraud, a plaintiff must allege the following elements: misrepresentation, knowledge of falsity, intent to induce reliance, justifiable reliance, and resulting damages. Conrad v. Bank of Am., 45 Cal. App. 4th 133, 156 (1996). Fraud claims must be pleaded with particularity. Federal Rule of Civil Procedure 9(b) requires that the pleadings allege the "time, place and content of an alleged misrepresentation" and "must set forth what is false or misleading about a statement, and ... an explanation as to why the statement or omission complained of was false or misleading." Yourish v. Cal. Amplifier, 191 F.3d 983, 993 n. 10 (9th Cir. 1999).

In a wholly conclusory manner, Defendants contend that the proposed fraud claim is not pleaded with specificity.[6] (Opp'n at 7-8.) The Court disagrees. The proposed claim identifies who made the statements, when they were made, that they were intentionally misleading, the reason they were false, Plaintiff's reliance on them to its detriment and the damages incurred. (See Belsky Decl. Ex. A, ¶¶ 31-38.) These allegations are sufficient to satisfy the purpose of the heightened pleading requirements, which is "to ensure that defendants accused of the conduct specified have

---

[6] Though only DeBenedictis filed an opposition brief, Edelson filed a joinder in said opposition. [Docket 68.]

- 13 -

adequate notice of what they are alleged to have done, so that they may defend against the accusations." Concha v. London, 62 F.3d 1493, 1502 (9th Cir. 1995).

Defendants' remaining arguments in opposition to Plaintiff's motion for leave to amend fare no better. They argue that under Business & Professions Code section 6148, Plaintiff should have obtained a written fee agreement, and that their only remedy is a claim for quantum meruit, which they assert is time-barred. (Opp'n at 14.) That argument fails for the reasons stated above. (See supra, § IV.B.4.)

Next, Defendants accuse Plaintiff of using "confidential" information as a basis for its fraud claim. (Opp'n at 6.) Without citation to any authority, they assert that "the meet & confer process is akin to a Court Ordered Settlement Conference," and therefore, any information discussed is subject to the confidentiality provisions of Federal Rule of Evidence 408(a)(2). (Id. at 6-7.)[7] That argument misconstrues Rule 26. Rule 26(f) is a device designed to curb discovery abuses while fostering cooperating in developing a discovery plan for the action. To that end, the rule provides that "[i]n conferring, the parties must consider the nature and basis of their claims *and defenses* and the possibilities for promptly settling or resolving the case; make or arrange for the disclosures required by Rule 26(a)(1); discuss any issues about preserving discoverable information; and develop a proposed discovery plan." Fed.R.Civ.P. 26(a)(1) (emphasis added). Nothing in Rule 26 supports the conclusion that information exchanged during that process is confidential – nor would such a restriction make sense given the purpose of the rule. Moreover, as noted above, the information that DeBenedictis claims is "confidential" is repeated in the publicly-available Joint Case Management Conference Statement. (See Docket 45.)

The remainder of Defendants' opposition centers on Plaintiff's alleged violation of the rules of professional conduct. Such arguments are *identical* to those made in DeBenedictis' motion to disqualify Plaintiff's counsel, and appear to be "cut-and-pasted" from that brief. (Compare Opp'n to Mot. to Amend at 9-17 with Opp'n to Mot. to Disqualify Plaintiff's Counsel at 7-16.) In any

---

[7] Section 408(a)(2) precludes the admissibility of evidence in certain cases obtained during the course of settlement discussions.

**1** event, none of Defendants' contentions, which are analyzed supra, is germane to any of the

**2** relevant considerations under Rule 15. See Moore, 885 F.2d at 538.

**3** In sum, the Court concludes that Defendants have failed to meet their burden of

**4** demonstrating that leave to amend is not warranted under the liberal standard applicable to Rule

**5** 15(a) motions. The Court therefore GRANTS Plaintiff's motion for leave to file a Second

**6** Amended Complaint.[8]

## V. CONCLUSION

IT IS HEREBY ORDERED THAT:

1. Defendant DeBenedictis' Motion to Disqualify Plaintiff's Counsel [Docket 52] is DENIED.

2. Defendants DeBenedictis and Edelson's individual Motions to Dismiss Plaintiff's Amended Complaint FRCP 12(b)(6), FRCP 12(b)(7) or in the Alternative to Transfer the Action to the Southern District of New York [Docket 32, 33] are DENIED.

3. Plaintiff's Motion for Leave to File a Second Amended Complaint [Docket 46] is GRANTED. DeBenedictis' objection to evidence submitted in support of Plaintiff's motion to amend [Docket 60] is OVERRULED as moot. Plaintiff shall file its proposed Second Amended Complaint within five (5) court days of the filing of this Order.

4. The Case Management Conference currently scheduled for May 12, 2009 is CONTINUED to **June 10, 2009 at 3:45 p.m.** The parties shall meet and confer prior to the conference and shall prepare a joint Case Management Conference Statement which shall be filed no later than ten (10) days prior to the Case Management Conference that complies with the Standing Order for All Judges of the Northern District of California and the Standing Order of this Court. Plaintiff shall be responsible for filing the statement as well as for arranging the conference call. All parties shall be on the line and shall call (510) 637-3559 at the above indicated date and time.

---

[8] DeBenedictis filed an objection to paragraph 10 of the Declaration of Adam Belsky. [Docket 60.] Because the Court's decision on Plaintiff's motion to amend does not rely or refer to that section of Mr. Belsky's declaration, DeBenedictis' objection is overruled as moot.

IT IS SO ORDERED


Dated: May 22, 2009

_____
Hon. Saundra Brown Armstrong
U.S. District Judge